**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JESSE L. MORGAN**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15-cv-1654-SNLJ |
| | ) | |
| **THE VOGLER LAW FIRM, P.C., et al.**, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT RONALD REYNOLDS

COMES NOW, Plaintiff Jesse Morgan, by and through his undersigned counsel, and pursuant to Federal Rule of Civil Procedure 37 and Local Rule 3.04, moves this Court to order Defendant Ronald Reynolds to respond to Plaintiff's Interrogatories and Requests for Production, and in support thereof, states as follows:

1.      On January 18, 2017, Plaintiff served Defendant Ronald Reynolds with Plaintiff's First Set of Interrogatories and Requests for Production.  *See* Plaintiff's Interrogatories and Requests for Production to Defendant Reynolds, collectively attached hereto as Exhibit 1.

2.      Pursuant to Federal Rules of Civil Procedure 33(b)(2) and 34(b)(2)(A), Defendant's responses were due within thirty (30) days, on or before February 17, 2017, which also represented the deadline for completion of all discovery under this Court's Case Management Order.  *See* (Doc. # 43, at I(3)(e)).

3.      Even though the discovery deadline has now passed, this motion is timely because Plaintiff has file it within eleven (11) days of the deadline.  *Id* at I(3)(f).

4.      To date, Defendant has not provided any response to the Interrogatories or Requests for Production.

1

5.      Plaintiff contacted the counsel for Defendant Reynolds on February 17, 2017 by electronic mail asking about the status of Defendant's outstanding discovery responses.  *See* Email Dated 2/17/17 from Alexander J. Cornwell to Michael Kasperek, attached hereto as Exhibit 2.

6.      Defendant's counsel ignored the first email.

7.      Plaintiff contacted counsel for Defendant Reynolds a second time on February 20, 2017, once again asking about the status Defendant's outstanding discovery responses.  *See* Email Dated 2/20/17 from Alexander J. Cornwell to Michael Kasperek, attached hereto as Exhibit 3.

8.      In particular, Plaintiff provided Defendant with the option of simply sending its outstanding discovery or to at least call Plaintiff's counsel's office to discuss the discovery dispute by telephone.

9.      Defendant's counsel ignored the second email.

10.     Plaintiff's undersigned counsel hereby attests that he has complied with Local Rule 3.04, which requires the movant to confer "in person or by telephone with the opposing counsel in good faith" or make "reasonable efforts to do so."

11.     Despite Plaintiff's repeated, reasonable efforts to discuss the outstanding discovery with Defendant, Defendant has thus far refused to respond.

12.     The reason Defendant has avoided Plaintiff's attempts to discuss the outstanding discovery is simple: there is nothing about which to meet-and-confer.

13.     This is not an instance of two parties disagreeing about the sufficiency of discovery responses.  To date, Defendant has failed to provide discovery responses altogether.

14.     Defendant never contacted Plaintiff before the responsive deadline elapsed in order to obtain additional time for its discovery responses.

15.     Defendant never filed a motion with the Court to obtain additional time to respond and/or sought an amendment to the discovery deadline to allow for its out-of-time responses.

16.     Defendant did not innocently forget about the discovery or incorrectly calendar the response date.  Rather, Defendant knew the discovery was due as demonstrated by its responses to Plaintiff's Requests for Admission that Plaintiff served along with his other outstanding discovery.  *See* Exhibit 2.

17.     Moreover, Defendant knew the date of the discovery deadline, given that Defendant unilaterally set a last-second deposition of Plaintiff, without any prior communication with Plaintiff's counsel, at its office on the final day for conducting such discovery.  *See* Defendant Reynolds' Notice of Deposition for Plaintiff attached hereto as Exhibit 4.

18.     Instead of providing responses to the Interrogatories and Requests for Production, Defendant consciously allowed the deadline to pass without taking any action *before* the deadline and subsequently ignored Plaintiff's good-faith attempts *after* the deadline at obtaining the outstanding responses without this Court's involvement.

19.     Since Defendant failed to respond within the time required under the Federal Rules of Civil Procedure, he has now waived any and all objections it could have asserted to the Interrogatories and Requests for Production.  *See* Fed. R. Civ. P. 33(b)(4); Fed. R. Civ. P. 34(b)(2);*see also Parshall v. Menard, Inc.*, No. 4:16-CV-828 (CEJ), 2016 WL 7188125, at *2 (E.D. Mo. Dec. 12, 2016) ("The Court finds that plaintiff has not shown good cause to excuse his

failure to make timely objections to the discovery. Therefore, the objections [including privilege] are waived.").

20.     Plaintiff respectfully requests this Court enter an Order requiring Defendant Ronald Reynolds to respond to Plaintiff's Interrogatories and Requests for Production – without any objections – within seven (7) days of this Court's Order.

21.     Plaintiff acknowledges that he has the right to seek sanctions under Federal Rule of Civil Procedure 37(d) for Defendant's repeated refusal to respond.  *See, e.g.*, *J.B. ex rel. Bailey v. Avilla R-XIII Sch. Dist.*, No. 09-05099-CV-SW-SWH, 2012 WL 1113343, at *1 (W.D. Mo. Mar. 31, 2012) (awarding $2,110.25 in attorney's fees as a reasonable sanction where, as here, the party failed to provide "any response" to the interrogatories and requests for production).

22.     However, rather than ask this Court to award Plaintiff his attorney's fees incurred in preparing this motion and securing responses to his outstanding discovery requests, Plaintiff reserves the right to seek such fees under 15 U.S.C. § 1692(k) after succeeding on the merits in this action.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter an Order requiring Defendant Ronald Reynolds to respond – without any objections – to Plaintiff's First Set of Interrogatories and Requests for Production to Defendant Reynolds and for all other and further relief as this Court deems appropriate.

BRODY & CORNWELL

/s/ Bryan E. Brody
Bryan E. Brody, #57580MO
Alexander J. Cornwell, #64793MO
1 North Taylor Ave.
St. Louis, Missouri 63108
Phone: (314) 932-1068
bbrody@ brodyandcornwell.com
acornwell@brodyandcornwell.com

## CERTIFICATE OF SERVICE

The undersigned attests that, on February 22, 2017, a copy of Plaintiff Jesse Morgan's Motion to Compel Discovery Responses from Defendant Ronald Reynolds was served by operation of this Court's electronic filing system on the following counsel of record:

Karl W. Dickhaus
9666 Olive Blvd., Ste. 211
St. Louis, MO 63132
Telephone: (314) 942-6571
Facsimile: (314) 942-6570
E-Mail: kdickhaus@attystl.com

Michael A. Kasperek
11756 Borman Drive, Suite 200
Post Office Box 419037
St. Louis, MO 63141-9037
(314) 567-7970
(314) 567-5053 (Fax)
E-Mail: mkvoglaw@earthlink.net

/s/ Bryan E. Brody