IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSE L. MORGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 4:15-CV-1654 SNLJ |
| THE VOGLER LAW FIRM, P.C., *et al.*, ) | |
| ) | |
| Defendants, ) | |
| ) | |

## MEMORANDUM & ORDER

Plaintiff brings this lawsuit against his former landlord Ronald K. Reynolds and law firm Vogler Law Firm, and others, that were involved in plaintiff's eviction and who filed a collection lawsuit against plaintiff. Remaining counts in this case are Count I for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), against the Vogler Law Firm, Vincent D. Vogler, and Vincent V. Vogler ("Vogler defendants"), and Count II for Violations of the Missouri Merchandising Practices Act, § 407.010 RSMo ("MMPA") against Ronald Reynolds.

Several motions are currently before the Court.

**I.   Motions to Compel Against Defendants (#44, #45)**

The Case Management Order in this case stated that discovery was to be completed by February 17, 2017. Plaintiff served each set of defendants with interrogatory requests, requests for production, and requests for admissions on January 18, 2017; responses to those requests were due on or before the February 17 close-of-

discovery deadline. Although the defendants responded to the plaintiff's requests for admission, neither set of defendants responded to either plaintiff's interrogatories or requests for production by the February 17, 2017 deadline. Plaintiff's counsel attempted to confer with defense counsel regarding the missing discovery responses, but plaintiff's counsel has not received an answer. Similarly, no defendant has responded to plaintiff's motion to compel. The time for doing so has passed. Defendants shall respond to plaintiff's outstanding discovery within seven days of this Order, and they shall pay plaintiff's counsel's costs and fees required to file the motions. Failure to respond to the discovery requests in compliance with this Order will result in further sanctions.

II. **Motions for Leave to File Answer Out of Time by Defendants (#46, #47)**

Although neither set of defendants filed a response to plaintiff's motions to compel, they did file motions for leave to file their Answers out of time just one day and two days after plaintiff filed the motions to compel. This Court denied in part and granted in part defendants' motions to dismiss plaintiff's complaint on July 22, 2016 (#38). Despite having participated in scheduling conferences and discovery since that time, neither set of defendants had filed an Answer to the counts remaining in plaintiff's Complaint.

The Court may extend the time for filing an Answer if the moving party demonstrates "good cause" for the additional time. Fed. R. Civ. P. 6(b). If the deadline for filing an Answer has already expired, however, the moving party must prove that the failure to file a timely answer was the result of "excusable neglect." *Id.* at 6(b)(2). That showing must be made "with particularity." Fed. R. Civ. P. 7(b)(1)(B). The Supreme Court held that whether a party's failure to meet a deadline is excusable is an equitable

2

determination, "taking account of all the relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The Court considers "(1) the danger of prejudice to the non-moving party; (2) the potential impact on the proceedings; (3) the reason for the delay, including whether it was within the party's control; and (4) whether the party acted in good faith." *Maritz, Inc. v. C/Base, Inc.*, 4:06CV761 CAS, 2007 WL 2302511, at *2 (E.D. Mo. Aug. 7, 2007) (*citing Pioneer*, 507 U.S. at 395; *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 855-56 (8th Cir. 1999)).

First, plaintiff contends he will be prejudiced if the defendants are allowed to file their answers now, six months late and after the close of discovery. Plaintiff states that all of his decisions during discovery were based on the understanding that defendants had admitted the factual allegations in his Complaint, other than those allegations pertaining to damages. Plaintiff believed that defendants had admitted those allegations because Federal Rule of Civil Procedure 8(b)(6) states that "[a]n allegation --- other than one relating to the amount of damages --- is admitted if a responsive pleading is required and the allegation is not denied." Plaintiff says that it reasonably believed that defendants were contesting the issue of damages but not liability in the wake of this Court's motion to dismiss Memorandum & Order, which addressed matters such as the statute of limitations for defendants' underlying lawsuit against plaintiff. In addition, defendants did not file disclosures under Federal Rule of Civil Procedure 26, and Rule 37 prohibits a party from relying on undisclosed witnesses or documents to support its defenses. *See* Fed. R. Civ. P. 26(a) and 37(c). (Notably, defendant Reynolds filed his Rule 26 disclosures late; the Vogler defendants never filed disclosures at all.) Further, plaintiff's

counsel emailed defense counsel one month after defendants' responsive pleading deadline has passed outlining the fact that defendants' liability no longer seemed to be at issue and offering to resolve the matter through settlement. Defendants did not respond to plaintiff's settlement offer or otherwise challenge counsel's suggestion that liability was not as issue.

Thus, during discovery, plaintiff used his entire "allotment" of interrogatories and otherwise prepared discovery requests and requests for admission focused solely on damages. Furthermore, dispositive motions are due April 21, 2017, and plaintiff has expended significant time preparing summary judgment motion based on the defendants' admissions. Plaintiff would thus be prejudiced if the defendants could now change their stance and deny liability.

Second, the potential impact of allowing defendants to file their Answers at this late stage is substantial. As indicated above, discovery has closed, and, in part because the Court allowed the parties time to fully brief this matter, dispositive motions are imminent. This case is already almost two years old. Allowing defendants to Answer now would necessitate a new Case Management Order and a new trial date.

Third, the defendants provided no reason for the delay at all. Plaintiff's counsel even e-mailed counsel for both sets of defendants on September 19, 2016, one month after the Answer deadline passed, suggesting settlement and noting "there remains little question as to the issue of liability" (#49-1). Defendants' failure to respond to that e-mail (five months before the instant motions were filed) and all other circumstances point to the fact that the failure to Answer was a conscious choice by defendants. Even after

4

plaintiff filed a detailed briefing articulating all the reasons why this Court should deny the defendants' attempt to belatedly file Answers, defendants chose not to file a reply.

Fourth, in light of the above matters, as plaintiff points out, whether defendants are operating in good faith is open to question. Their litigation tactics are puzzling at best. The history of missed deadlines and ignored emails would appear more open to interpretation and excuse but for the fact that the two sets of defendants have separate counsel with separate email addresses.

Considering all the circumstances above, the Court will deny defendants' motions to answer out of time.

### III. Motion to Compel Against Plaintiff (#48)

Finally, defendant Reynolds moves to compel plaintiff to respond to Reynolds's discovery requests that were served on January 20, 2017. The deadline for response was February 21, 2017, which was after the February 17 close of discovery deadline set by this Court's Case Management Order. Plaintiff objected because the discovery requests were served too late such that the response date was due after the close of discovery.

Although defendant states that he emailed a letter to plaintiff's counsel on February 28, requesting that plaintiff respond to the discovery requests by March 3, defendant did not certify that he made a good faith effort to resolve this discovery dispute with opposing counsel before filing his motion, as required by the Local Rules and Federal Rule of Civil Procedure 37(a)(1). "The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute,

5

counsel are unable to reach an accord." L.R. 37-3.04. Further, the statement must "recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel." *Id.* Here, defendant emailed his letter demand for compliance to plaintiff (which itself did not comply with the Rules) just minutes before filing his motion to compel. The Court must deny defendant's motion to compel. *See, e.g.*, *Turner v. Roach*, No. 1:11cv168 SNLJ, 2012 WL 1110114, at *2 (E.D. Mo. Apr. 3, 2012).

Accordingly,

IT IS HEREBY ORDERED that plaintiff's Motions to Compel Against Defendants (#44, #45) are GRANTED.

IT IS FURTHER ORDERED that defendants' Motions for Leave to File Answer Out of Time (#46, #47) are DENIED.

IT IS FURTHER ORDERED that defendant Reynolds's Motion to Compel against Plaintiff (#48) is DENIED.

IT IS FURTHER ORDERED that defendants shall pay plaintiff's counsel's costs and fees required to file the motions to compel against them.

IT IS FURTHER ORDERED that defendants shall respond to discovery requests served upon them by plaintiff no later than April 24, 2017. Failure to do so may result in further sanctions.

IT IS FINALLY ORDERED that the dispositive motions deadline is <u>continued</u> from April 21, 2017 to <u>April 28, 2017</u> in light of the above orders.

Dated this __17th__ day of April, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT