UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **JESSE L. MORGAN**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:15-cv-1654-SNLJ |
| ) | |
| **THE VOGLER LAW FIRM, P.C., et al.**, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST THE VOGLER LAW FIRM, P.C. AS TO LIABILITY ONLY**

**INTRODUCTION**

On July 22, 2016, this Court denied, in part, Defendant Vogler Law Firm, P.C.'s Motion to Dismiss Plaintiff's Complaint under the Fair Debt Collection Practices Act ("FDCPA"). Within its Order, this Court found that Plaintiff's allegations in his Complaint, if proven, would establish multiple violations of the FDCPA. Thereafter, Defendant the Vogler Law Firm, P.C. never filed an Answer to Plaintiff's Complaint and the factual allegations therein, other than those that relate to damages, were deemed admitted. The combined effect of this Court's prior Order denying Defendant's Motion to Dismiss and Defendant's subsequent failure to file an Answer leaves Defendant no basis upon which to contest liability. Plaintiff reiterates below the reasons this Court already found Defendant violated the FDCPA under 15 U.S.C. § 1692g(a), 1692g(b), § 1692e(2)(A), § 1692e(3), § 1692e(5), and § 1692f(1).

**STANDARD OF REVIEW**

A plaintiff is entitled to summary judgment if the evidence shows that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Allianz*

*Ins. Co. of Can. V. Sanfleben*, 454 F.3d 853, 855 (8th Cir. 2006); F.R.C.P. 56(c). To survive a motion for summary judgment, a defendant may not simply rest on the allegations of the pleadings, but must come forward and designate specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Where, as here, the defendant fails to file a timely answer to the plaintiff's complaint, that relieves the plaintiff "of proving his case factually." *Arnold v. Afflerbach*, No. CIV.A. 10-CV-5742, 2012 WL 993706, at *1 (E.D. Pa. Mar. 26, 2012). The only remaining question for the Court is whether, with those allegations deemed admitted, the facts meet the prima facie elements of Plaintiff's cause of action. *See id.*; *see also Burlington N. R. Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996).

## ARGUMENT

**I.     PLAINTIFF SATISFIES THE THRESHOLD INQUIRY: HE IS A CONSUMER AND DEFENDANT THE VOGLER LAW FIRM IS A DEBT COLLECTOR.**

To prevail on his FDCPA allegations, Plaintiff must prove that (1) he is a consumer, (2) Defendant the Vogler Law Firm is a debt collector, (3) there was an attempt to collect a debt, and 4) Defendant violated, by act or omission, a provision of the FDCPA. Plaintiff is a "consumer" because he is a natural person whom Defendant alleges was obligated to pay a debt. *See* 15 U.S.C. § 1692a(3); Plaintiff's Statement of Uncontroverted Facts ("SOF"), at ¶ 1. The debt that Plaintiff owed arose primarily for personal, family, or household purposes—a residential lease. 15 U.S.C. § 1692a(5); SOF ¶¶ 1, 3. Defendant is a "debt collector," an entity "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); SOF, ¶ 2; *see also Heintz v. Jenkins*, 514 U.S. 291, 299, 115 S. Ct. 1489, 1493 (1995) (holding that law firms who engage in debt collection are subject to the FDCPA). Plaintiff has established that Defendant the Vogler Law Firm attempted to collect a debt from Plaintiff. SOF, ¶¶ 2-3. Lastly, as outlined below, the undisputed evidence

demonstrates that Defendant violated § 1692g(a), 1692g(b), § 1692e(2)(A), § 1692e(3), § 1692e(5), and § 1692f(1).

## II. THE UNCONTROVERTED EVIDENCE DEMONSTRATES THAT DEFENDANT VIOLATED SECTION 1692g(a) BY SENDING AN INITIAL COLLECTION LETTER WITHOUT THE REQUISITE DISCLOSURES.

Under Sections 1692g(a)(3)-(4), a debt collector possesses an absolute obligation, within five days of its initial collection communication, to provide the consumer a written notice containing a disclosure that "unless the consumer, within thirty days after receipt of the notice, *disputes the validity of the debt*, or any portion thereof, the debt will be assumed to be valid by the debt collector" and that "if the consumer notifies the collector *in writing* within the thirty-day period that the debt is disputed, the collector will send verification of the debt to the consumer. *Busch v. Valarity, LLC*, No. 4:12-CV-2372-JAR, 2014 WL 466221, at *2 (E.D. Mo. Feb. 5, 2014) (emphasis in original) (*citing* 15 U.S.C § 1692g). As this Court already acknowledged within its Order denying Defendant's Motion to Dismiss, a debt collector is strictly liable under the FDCPA for failing to provide a consumer his full and accurate rights under Section 1692g(a). (Doc. # 38) (*citing Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP.*, 217 F. Supp. 2d 336, 340-41 (E.D.N.Y. 2002)).

Therefore, a debt collector violates § 1692g(a) as a matter of law where, as here, it improperly imposes the requirement that the consumer dispute the debt in writing. *See Busch*, 2014 WL 466221, at *2. Of similar effect, omitting an "in writing" requirement where it exists under the plain language of the statute also violates Section 1692g(a)(4). *See Welker v. Law Office of Daniel J. Horwitz*, 699 F. Supp. 2d 1164, 1170 (S.D. Cal. 2010); *Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 870 (S.D. Tex. 2011) ("Every district court to consider the issue has held

that a debt collector violates § 1692g(a) by failing to inform consumers that requests under subsections (a)(4) and (a)(5) must be made in writing.").

In this case, the undisputed evidence demonstrates that Defendant sent its initial collection letter on December 12, 2014. SOF, ¶¶ 4-5. Within that letter, Defendant falsely informed Plaintiff that he needed to "dispute the debt in writing." SOF, ¶ 6. Defendant never sent another letter within five days of this initial collection communication containing the correct disclosures under the Act. SOF, ¶ 7. Relying upon Defendant's improper disclosures, Plaintiff was forced to expend considerable time and resources preparing multiple written letters which he believed was necessary to invoke his dispute rights under § 1692g(a)(3). SOF, ¶¶ 8-9. Plaintiff also incurred out-of-pocket expenses that he would not have had to expend had Defendant disclosed to Plaintiff his actual dispute and verification rights. SOF, ¶ 9.

In addition to impermissibly requiring any dispute to be in writing, Defendant's December 12, 2014 collection letter also unlawfully failed to inform Plaintiff that he was obligated to request verification of the debt in writing. SOF, ¶ 7. It was only because of Defendant's accompanying violation that falsely required Plaintiff to dispute the debt in writing that Plaintiff was able to avoid the risk of harm imposed by Defendant's failure to inform Plaintiff that a verification request needed to be in writing. SOF, ¶ 11. Had Plaintiff not believed the dispute needed to be in writing, he would have opted to call Defendant and request verification orally, which (in contrast to the representations within Defendant's letter) would not have been enough to invoke the protections under the Act, including the cessation of collection until Defendant provided Plaintiff written verification of the debt. SOF, ¶¶ 10-11.

Accordingly, Defendant's initial collection letter *added* a writing requirement where none exists under the statute and *omitted* one where it is required. Based on the undisputed evidence

outlined above, Plaintiff respectfully requests this Court enter judgment in his favor under 15 U.S.C. § 1692g(a)(3) and § 1692g(a)(4) for Defendant's failure to provide Plaintiff written notice of his proper dispute and verification rights.

III. **THE UNCONTROVERTED EVIDENCE DEMONSTRATES THAT DEFENDANT VIOLATED SECTION 1692g(b) BY CONTINUING ITS COLLECTION EFFORTS BEFORE SENDING PLAINTIFF VERIFICATION OF THE DEBT.**

Under Section 1692g(b), once a consumer notifies a debt collector in writing within thirty days of receiving an initial collection communication that he disputes the debt, the debt collector must "cease collection of the debt" until it "obtains verification of the debt" and mails "a copy of such verification" to the consumer. 15 U.S.C. § 1692g(b). Once the written dispute is triggered, Section 1692g creates an absolute prohibition against contacting the consumer, for any reason, until the debt collector obtains verification of the debt *and* mails it to the consumer. *See id*. "Because not all debts can be verified . . . debt collectors are not *required* to validate a debt at the consumer's request; they may alternatively 'cease all collection activities.'" *Wilhelm v. Credico, Inc.*, 519 F.3d 416, 419 (8th Cir. 2008.). At the very minimum, the debt collector must mail the consumer a confirmation in writing "that the amount being demanded is what the creditor is claiming is owed." *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999). The Eighth Circuit has held that a verification response must provide sufficient information to enable the consumer to dispute the payment obligation. *See Dunham v. Portfolio Recovery Associates, LLC*, 663 F.3d 997, 1003 (8th Cir. 2011). Therefore, as this Court held in its Order denying Defendant's Motion to Dismiss, "although a strict accounting may not be required, continuing to collect on even a portion of a debt that has not been 'verified' does constitute a violation of the statute." (Doc. # 38) (*citing Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 786 (6th Cir. 2014)). Since this Court's earlier ruling, other courts have agreed that a

debt collector violates § 1692g(b) when it pursues legal action after providing an accounting ledger that does not match the amount sought within its collection letter. *See, e.g.*, *Essique v. Walnut Woods Condo. Ass'n*, No. 2:15-CV-12049, 2016 WL 7337246, at *3 (E.D. Mich. Dec. 19, 2016).

Here, the facts show that Defendant sent its initial collection letter on December 12, 2014 representing to Plaintiff that he owed $21,164.22 on the alleged debt. SOF, ¶¶ 4-5. Within thirty days of receiving the letter, on January 5, 2015, Plaintiff mailed Defendant a letter stating that he was "disputing *this* amount." SOF, ¶¶ 12-13. Just one week later, on January 13, 2015, Defendant forwarded a handwritten accounting that the original creditor sent to Defendant upon assigning the account. SOF, ¶¶ 14-15, 17. Before sending its January 13, 2015 letter, Defendant did not contact the original creditor to confirm the validity of the debt. SOF, ¶ 16. The accounting that Defendant forwarded, on its face, only totaled $15,910.00 as opposed to the $21,164.22 that Defendant sought within its collection letter. SOF, ¶¶ 18-20. Upon receiving Defendant's purported validation, Plaintiff mailed Defendant another letter on February 10, 2015 outlining the fact that the accounting did not support the amount sought within its collection letter and that the accounting ledger did not include the credits that should have been made by the original creditor. SOF, ¶¶ 22-23. Defendant ignored this letter. SOF, ¶ 27. Instead, Defendant decided to file a lawsuit without responding to Plaintiff's second validation letter and before sending Plaintiff verification of the amount of the debt that it sought within its December 12, 2014 letter. SOF, ¶ 26.

Notably, during discovery, Defendant produced an internal, "smoking-gun" Memorandum dated March 20, 2015 that its collection agents exchanged *after* Plaintiff sent his written after receiving Plaintiff's written request for verification but *before* Defendant filed a

lawsuit on behalf of the original creditor. SOF, ¶ 24. Within the Memorandum, non-attorney Vincent V. Vogler admitted that "the statement of account [Ronald Reynolds] provided makes absolutely no sense." SOF, ¶ 25. Echoing Plaintiff's own reasons for disputing the debt, Vincent V. Vogler agreed that the "numbers . . . do not add up." (*Id.*) Notwithstanding these internal admissions, Defendant continued to collect the debt by filing a lawsuit, moving for a default judgment, and issuing a garnishment request, SOF, ¶¶ 26, 68, 70—all of which occurred after receiving Plaintiff's timely written dispute for which Defendant neglected to send a proper verification. Based on the undisputed evidence, Defendant violated §1692g(b) rights by continuing to collect the debt from him after receiving his written dispute and before mailing him verification of the entire amount of the alleged debt.

## IV. THE UNCONTROVERTED EVIDENCE DEMONSTRATES THAT DEFENDANT VIOLATED SECTION 1692g(a)(1) and 1692e(2)(A) BY ATTEMPTING TO COLLECT A NON-EXISTENT DEBT.

Section 1692e prohibits any debt collector from making a false or misleading representation, including any misstatement of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). This applies to all collection letters, including, but not limited to, the debt collector's initial letter. *See id.* Section 1692g(a)(1) possesses a similar requirement as Section 1692e(2)(A), in that a debt collector must accurately state the entire "amount of the debt" within its initial collection letter that it is hired to collect. 15 U.S.C. § 1692g. Under Sections 1692e(2)(A) and 1692g(a)(1), debt collectors are "strictly liable for attempting to collect an incorrect debt, regardless of their knowledge of the accuracy of that debt." *Erickson v. Johnson*, No. CIV.05-427 (MJD/SRN), 2006 WL 453201, at *3 (D. Minn. Feb. 22, 2006). "One type of misrepresentation prohibited by § 1692e(2)(A) is the false representation that a debt exists." *Yarney v. Ocwen Loan Servicing, LLC*, 929 F. Supp. 2d 569, 576 (W.D. Va. 2013).

These sections apply to a debt collector's misstatement of the amount of a debt within its collection letters as well as state court pleadings. *See Mueller v. Barton*, No. 4:13-CV-2523 CAS, 2014 WL 4546061, at *7 (E.D. Mo. Sept. 12, 2014) ("Courts have concluded that the FDCPA applies to pleadings filed in state court actions.").

In this case, the undisputed evidence shows that Defendant attempted to collect a non-existent debt from Plaintiff within sent its December 12, 2014 collection letter and the subsequent collection suit. Within its initial collection letter and the subsequent collection suit, Defendant represented that Plaintiff owed $21,164.22 and $24,972.00 in past due rental payments, respectively. SOF, ¶¶ 4, 26. In actuality, the remaining balance was $0.00. SOF, ¶ 35. The undisputed evidence shows that the purported deficiency was a result of the original creditor failing to credit the agreed-upon value of work Plaintiff performed on other rental properties the creditor owned in the St. Louis area. SOF, ¶¶ 28-30, 34. Within its internal March 20, 2015 Memorandum, Defendant even admitted that it was aware of the fact that its creditor-client and Plaintiff had an "oral agreement" whereby the creditor asked Plaintiff to perform "work around his property" in exchange for the creditor agreeing to "discount[] that amount every month off the rent." SOF, ¶ 32. Plaintiff timely remitted payment each month, in accordance with the parties' agreement, for the amount remaining after crediting the work he performed. SOF, ¶ 33. However, the original creditor's handwritten accounting failed to account for these credits; the seemingly random amounts due on some months were actually the credits that the original creditor agreed – but failed – to apply. SOF, ¶¶ 34-35.

Because Plaintiff did not owe the alleged debt, Defendant necessarily misrepresented the amount of the debt within its collection letter, as well as the petition, default judgment, and garnishment request that it filed during the collection suit. Plaintiff thus requests this Court enter

judgment in his favor as to Defendant's liability under § 1692e(2)(A) and § 1692g(a)(1) for misrepresenting the amount and legal status of the debt.

## V. THE UNCONTROVERTED EVIDENCE DEMONSTRATES THAT DEFENDANT VIOLATED SECTION 1692e(5) AND 1692e(2)(A) BY FILING A LAWSUIT ON A TIME-BARRED DEBT.

As the Eighth Circuit Court of Appeals has recognized, the FDCPA prohibits debt collectors from threatening litigation or actually filing a lawsuit to recover a portion of a time-barred debt. *See Nelson v. Midland Credit Mgmt., Inc.*, 828 F.3d 749, 751 (8th Cir. 2016). "[C]ourts widely agree that § 1692e does prohibit filing a time-barred lawsuit to collect a debt." *Hall v. LVNV Funding, LLC*, No. 3:13-CV-00399-H, 2013 WL 5550838, at *2 (W.D. Ky. Oct. 8, 2013). This conduct violates the general prohibition under Section 1692e regarding the use of any false, deceptive, or misleading representation in connection with the collection of a debt, as well multiple subsections under Section 1692e, including but not limited to § 1692e(2)(A), which prohibits a debt collector from misrepresenting the legal status of a debt and § 1692e(5), which prohibits debt collectors from threatening action that they are not legally entitled to take. 15 U.S.C. 1692e(5); *Scott v. Portfolio Recovery Associates, LLC*, 139 F. Supp. 3d 956, 968 (S.D. Iowa 2015) (clarifying that "§ 1692e(5) applies to completed acts in addition to mere threats.").

In this case, Defendant filed a lawsuit against Plaintiff in the St. Louis County Circuit Court, case number 15SL-A09917 on April 13, 2015. SOF, ¶ 39. Within the collection petition, Defendant attempted to collect monthly payments relating to a residential lease from June 1, 2007 to March 1, 2015. SOF, ¶ 40. The evidence shows, however, that the parties did not execute a written lease, SOF, ¶¶ 37-38, which would be subject to a longer ten (10) year statute of limitations. Instead, the parties entered into an oral lease for the subject premises. SOF, ¶ 38. As this Court already held, the five (5) year statute of limitations for oral contacts applied to

Defendant's underlying collection suit. (Doc. # 38, at 9) (*citing* Mo. Rev. Stat. § 516.120). The Missouri Supreme Court has explained that "a plaintiff may wait until all installments are due and then bring one action, but, if while waiting some installments have been due for the period of limitation, they will be barred." *Allen v. Allen*, 270 S.W.2d 33, 38 (Mo. 1954). Therefore, as this Court reasoned in context of this case, "[t]he defendant landlord (and his agents) could later bring one action for recovery of past-due rent, but the installments due for longer than the five-year limitations period were time-barred." (Doc. #38, at 11-12).

In order to comply with the FDCPA, Defendant was thus obligated to limit its collection suit to only those rental payments that would have become due within five-years of the filing date of the Petition; namely, those from May 1, 2010 to April 1, 2015. Before filing suit, Defendant's collection agents even expressed some concern, internally, that the alleged amounts due "go all the way back to 2007." SOF, ¶ 41. Under section 516.120, any alleged past due payments from June 1, 2007 to April 1, 2010 were already time-barred when Defendant filed the collection suit. Despite this realization, Defendant still chose to pursue legal action for the entirety of the alleged unpaid balance, even the portion that was barred by the applicable statute of limitations. SOF, ¶¶ 39-40. Plaintiff thus respectfully requests this Court enter judgment in his favor as to Defendant's liability under § 1692e(2)(A) and § 1692e(5) for filing a lawsuit to obtain payment on the time-barred rental payments from June 1, 2007 to April 1, 2010.

**VI. THE UNCONTROVERTED EVIDENCE DEMONSTRATES THAT DEFENDANT VIOLATED SECTION 1692f(1) BY ATTEMPTING TO COLLECT AN IMPROPER AMOUNT OF PRE-JUDGMENT INTEREST.**

Section 1692f(1) prohibits a debt collector from collecting any amount from a consumer "unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f. As this District has held, this includes a debt collector's attempt to

collect an improper amount of pre-judgment interest within a collection petition and/or corresponding default judgment. *Wade v. Account Resolution Corp.*, No. 4:15-CV-1354 JAR, 2016 WL 4415353, at *1 (E.D. Mo. Aug. 19, 2016); *see also Moss v. Barton*, No. 4:13-CV-2535 RLW, 2016 WL 1441146, at *3 (E.D. Mo. Apr. 8, 2016) ("Missouri law does not authorize prejudgment interest in the absence of a demand, and it is a violation of the FDCPA to collect or attempt to collect any amount, including interest, unless 'expressly authorized by the agreement creating the debt or permitted by law.'").

Under Missouri law, a creditor may assess prejudgment interest of nine percent (9%), absent an agreement between the parties for, but only after the amount has become due *and* a demand for that amount has been made. Mo. Rev. Stat. § 408.020. In its debt collection Petition, Defendant represented to the Court and to the Plaintiff that it made a demand for payment of $24,972.00 on January 8, 2015. SOF, ¶ 43. Defendant's representation was false with respect to both the demand date *and* the demand amount. SOF, ¶ 46. Contrary to Defendant's representation, it actually sent Plaintiff a demand letter on December 12, 2014, and the amount it demanded was only $21,164.22. SOF, ¶¶ 42, 44-45. After the date Plaintiff disputed the debt, Defendant's only other communication prior to the lawsuit was sent on January 13, 2015. SOF, ¶ 27. Therein, Defendant did not make a demand for $24,972.00. SOF, ¶¶ 18-20. Far from it, it produced documentation demonstrating that Plaintiff only owed $15,910 on the debt. SOF, ¶ 20. Accordingly, within the collection suit, Defendant fabricated the demand date and falsely represented the amount it actually demanded. SOF, ¶¶ 44-46. When Defendant moved for default judgment on behalf of its client, Defendant attempted to collect $1,117.50 in prejudgment interest. SOF, ¶ 47. That amount was based on the false demand date and amount. In reality, based on the actual demand date of December 12, 2014 and the accurate

demand amount of $21,164.22, Defendant was only permitted to collect $1,085.46 in prejudgment interest. SOF, ¶ 48. Defendant thus violated § 1692f(1) by attempting to collect an amount that was neither authorized by agreement nor permitted by law, and Plaintiff asks this Court to enter judgment in his favor accordingly.

### VII. THE UNCONTROVERTED EVIDENCE DEMONSTRATES THAT DEFENDANT VIOLATED SECTION 1692e(3) BY MISREPRESENTING THAT ONE OF ITS ATTORNEYS PERFORMED A MEANINGFUL REVIEW BEFORE SENDING ITS COLLECTION COMMUNICATIONS.

Section 1692e(3) prohibits any debt collector, including a law firm, from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt . . . [including] [t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. § 1692e(3). Accordingly, when a law firm mails a consumer a collection letter apparently sent by a specific attorney, they must ensure that either (1) the attorney whose name appears on the letter personally reviewed the letter before sending it or (2) that the letter contains a disclosure that the attorney did not personally review the consumer's file. *See id.*; *see also Clomon v. Jackson*, 988 F.2d 1314, 1321 (2d Cir. 1993); *Goins v. Brandon*, 367 F.Supp.2d 240, 244–45 (D. Conn. 2005).

The attorney whose name appears on the letter ultimately bears the duty to exercise professional judgment in conducting meaningful review of the consumer's circumstances and letter. *Goins*, 367 F. Supp. 2d at 244; *Miller v. Wolpoff & Abramson, L.L.P.*, 471 F. Supp. 2d 243, 251 (E.D.N.Y. 2007) (an attorney who places his name on a collection letter owes a nondelegable duty to exercise "the ultimate professional judgment concerning the existence of a valid debt" and other aspects of meaningful review). This principle applies equally to situations where another member of the law firm actually signs for an attorney, but the individual attorney's name nonetheless appears on the letter. *See Goins*, 367 F. Supp. 2d at 245.

Therefore, as this Court held, a law firm violates § 1692(5) as a matter of law if it sends a collection letter without ensuring the purported signatory attorney actually performed a meaningful review of the account. Doc. # 38, at 8-9 (*citing Cordes v. Frederick J. Hanna & Assocs., P.C.*, 789 F. Supp. 2d 1173, 1178 (D. Minn. 2011)). Here, Defendant sent two collections letters: one dated December 12, 2014 and a second dated January 13, 2015. SOF, ¶¶ 4, 15. Both letters bore the purported signature of attorney Vincent D. Vogler. SOF, ¶¶ 50, 54. There is no dispute that the letters failed to disclose no attorney with the firm personally prepared or reviewed the letters. SOF, ¶¶ 52, 56. Thus, the only question that remains is whether the attorney whose signature appears on the letters (Vincent D. Vogler) actually conducted a meaningful review of the letter and Plaintiff's account before Defendant sent each letter.

The evidence demonstrates that the letters Defendant sent to Plaintiff were pre-prepared, form letters. SOF, ¶¶ 49, 53. Defendant's non-attorney staff members prepared, printed, and mailed the letters. (*Id.*) While Defendant placed the signature of attorney Vincent D. Vogler on the letters, he did not actually review or sign either letter. SOF, ¶¶ 51, 55. Indeed, after Defendant sent the letters, non-attorney Vincent V. Vogler and attorney Vincent D. Vogler communicated via an internal Memorandum. SOF, ¶ 24. Within that Memorandum, non-attorney Vogler revealed that he was the individual reviewing the account and the circumstances surrounding the alleged debt, not attorney Vincent D. Vogler—whose signature appeared on the prior letters. (*Id.*) Thereafter, Defendant filed a collection petition on behalf of its client. SOF, ¶ 57. Once again, Defendant placed the signature of attorney Vincent D. Vogler on that collection communication. SOF, ¶ 58. This was false. SOF, ¶ 57, 59. In actuality, non-attorney Vincent V. Vogler prepared the contents of the petition and used a facsimile copy of the attorney's signature before filing the petition with the court. (*Id.*).

Before sending the December 12, 2014 and January 13, 2015 collection letters and filing the April 13, 2015 collection petition, Defendant was required to either have attorney Vogler D. Vogler review Plaintiff's account or disclose that he did not personally do so. The undisputed evidence demonstrates that Defendant did neither. Therefore, Plaintiff requests this Court enter judgment in his favor as to Defendant's liability under § 1692e(3) for misrepresenting that those collection communications were from Vincent D. Vogler.

**VIII. THE UNCONTROVERTED EVIDENCE DEMONSTRATES THAT DEFENDANT VIOLATED SECTION 1692e(5) AND 1692e(2)(A) BY CONTINUING ITS COLLECTION ACTION AFTER THE AUTOMATIC STAY.**

As provided, Section 1692e prohibits debt collectors from making any false, deceptive, or misleading representation in connection with the collection of a debt, including misrepresenting the legal status of a debt under § 1692e(2)(A) and pursuing action not legally entitled to be taken under § 1692e(5). A debt collector violates § 1692e when it continues to collect a debt after the consumer has filed for bankruptcy protection. *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004). This is because the filing of a bankruptcy petition operates as a stay of any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case. 11 U.S.C. § 362(a)(6). Actions taken subsequent to a debtor's filing are per se in violation of the automatic stay, irrespective of notice. *See Borg–Warner Acceptance Corp. v. Hall*, 685 F.2d 1306 (11th Cir.1982). "The automatic stay attaches at the time of filing of the [bankruptcy] petition. It generally prohibits the continuation, including the employment of process, of a judicial proceeding against the debtor that was commenced before the commencement of the [bankruptcy] case." *In re Blobaum*, 34 B.R. 962, 963 (Bankr. W.D. Mo. 1983). Judgments obtained in violation of the automatic stay are void as a matter of law. *Kliefoth v. Fields*, 828 S.W.2d 714, 715 (Mo. App. E.D. 1992).

On June 30, 2015, Plaintiff filed for bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Missouri. SOF, ¶¶ 61-62. The automatic stay attached immediately at the time of filing. SOF, ¶ 65. Over a week later, on July 7, 2015, Defendant went to Court and misrepresented that it client was legally entitled to a default judgment against Plaintiff. SOF, ¶¶ 65-68. The default judgment Defendant obtained was void as a matter of law when entered. *See Kliefoth*, 828 S.W.2d at 715. On July 9, 2015, Defendant issued a garnishment request in further violation of the stay in order to collect on the otherwise void judgment. SOF, ¶¶ 69-70. Defendant thus misrepresented the legal status of the debt when moving for the default judgment and took action it was not legally entitled to take in attempting to execute on a void judgment. Therefore, Plaintiff requests this Court enter judgment in his favor as to Defendant's liability under § 1692e(2)(A) and § 1692e(5) for moving for a default judgment and issuing a garnishment in violation of the Bankruptcy Court's automatic stay.

## **CONCLUSION**

For the reasons outlined in this Memorandum, as well as those provided within this Court's July 22, 2015 Order denying Defendant's Motion to Dismiss, Plaintiff respectfully requests that this Court grant his Motion for Partial Summary Judgment as to Defendant's liability under 15 U.S.C. § 1692g(a), 1692g(b), § 1692e(2)(A), § 1692e(3), § 1692e(5), and § 1692f(1) and allow Plaintiff to present the issue of damages to the Court.[1]

---

[1] While Plaintiff included a jury demand within his Complaint, he will consent to a short hearing before the Court on the remaining issue of damages in the event the Court enters judgment against Defendant the Vogler Law Firm, P.C. as to its liability under the FDCPA.

Respectfully submitted,

**BRODY & CORNWELL**

/s/ Bryan E. Brody
Bryan E. Brody, #57580MO
Alexander J. Cornwell, #64793MO
1 North Taylor Ave.
St. Louis, Missouri 63108
Phone: (314) 932-1068
bbrody@brodyandcornwell.com
acornwell@brodyandcornwell.com

## CERTIFICATE OF SERVICE

The undersigned attests that, on April 28, 2017, a copy of Plaintiff Jesse Morgan's Memorandum in Support of His Motion for Partial Summary Judgment as to Defendant Vogler Law Firm, P.C.'s Liability was served by operation of this Court's electronic filing system on the following counsel of record:

Karl W. Dickhaus
9666 Olive Blvd., Ste. 211
St. Louis, MO 63132
Telephone: (314) 942-6571
Facsimile: (314) 942-6570
E-Mail: kdickhaus@attystl.com

Michael A. Kasperek
11756 Borman Drive, Suite 200
Post Office Box 419037
St. Louis, MO 63141-9037
(314) 567-7970
(314) 567-5053 (Fax)
E-Mail: mkvoglaw@earthlink.net

/s/ Bryan E. Brody