IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSE L. MORGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 4:15-CV-1654 SNLJ |
| THE VOGLER LAW FIRM, P.C., *et al.*, ) | |
| ) | |
| Defendants, ) | |
| ) | |

## **MEMORANDUM & ORDER**

Plaintiff brings this lawsuit against his former landlord Ronald K. Reynolds and law firm Vogler Law Firm, P.C., and others, that were involved in plaintiff's eviction and who filed a collection lawsuit against plaintiff. Remaining counts in this case are Count I for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), against the Vogler Law Firm, Vincent D. Vogler, and Vincent V. Vogler ("Vogler defendants"), and Count II for Violations of the Missouri Merchandising Practices Act, § 407.010 RSMo ("MMPA") against Ronald Reynolds.

Neither set of defendants filed an Answer to the counts remaining in plaintiff's Complaint after this Court addressed defendants' motion to dismiss. Defendants sought leave to file answers six months late and after the close of discovery, but this Court denied the defendants' motions for leave for the reasons stated in its Memorandum & Order. (#51). As a result, all the allegations in plaintiff's complaint, other than those

1

related to the amount of damages, are deemed admitted by the defendants. Fed. R. Civ. P. 8(b)(6).

Plaintiff has thus moved for summary judgment as to the liability on his two counts. The defendants oppose the motion. Each count is discussed below.

**I.      Factual Background**

The following facts are taken from the complaint and are thus deemed admitted. Plaintiff Jesse Morgan resided at 7244 Rockspring Drive in St. Louis, Missouri from 2007 to 2015. The home was owned by Ronald Reynolds. Reynolds also owned a number of other properties in the St. Louis area that frequently required extensive repairs and maintenance. Reynolds hired plaintiff Morgan to perform repairs on Reynolds's various rental properties and, in return, Reynolds credited plaintiff for the value of the repairs against plaintiff's lease obligations. On December 12, 2014, the Vogler Law Firm sent plaintiff a collection letter ("Dunning Letter") demanding payment of $21,164.22 on behalf of Ron Reynolds. The Dunning Letter stated as follows:

> This is to make demand for our client of the above stated sum.
>
> Unless you notify this office in writing that you dispute the validity of this account or a portion thereof within the next 30 days, we will assume that the debt is valid.
>
> If any portion of the debt is disputed, you should advise us within that period and we will provide you with verification of the debt.
>
> Upon your written request within the 30 day period, this office will provide you with the name and address of the original creditor, if it differs from the name and address of the current creditor.

The Dunning Letter was signed by Vincent D. Vogler. Reynolds had never sent plaintiff any delinquency notices, bills, or other correspondence claiming that plaintiff

owed any money for unpaid lease payments. Plaintiff believed that he had complied with his agreement with Reynolds and that his rent payments satisfied his lease obligations in full.

Plaintiff pleads that, in fact, he did not owe an outstanding balance to Reynolds on his lease obligations. Therefore, plaintiff disputed the debt by sending a letter to the Vogler Law Firm dated January 5, 2015. In response, on January 13, 2015, the Vogler Law Firm sent plaintiff a letter that attached a handwritten accounting of alleged unpaid rent that was dated February 28, 2013. The letter was again signed by Vincent D. Vogler, but plaintiff alleges that non-lawyer Vincent V. Vogler (not to be confused with attorney Vincent D. Vogler) was actually responsible for sending that letter and the December 12 letter. Notably, the signatures on the two letters do not resemble one another. Plaintiff alleges that the Vogler Law Firm did not actually verify the debt, but rather that it merely forwarded the documentation initially provided by Reynolds. Further, the handwritten accounting includes unpaid rents only through February 2013, nearly two years before defendants sent the December 12, 2014 collection letter, and plaintiff says the accounting showed plaintiff owed $14,860 (not $21,164.22 as indicated on the initial letter).

Reynolds, through the Vogler Law Firm, filed a collection suit against plaintiff in St. Louis County on April 13, 2015, demanding $24,972.00. They did not attach a written lease agreement to their petition because no such written agreement existed. Because the claim was based on an oral lease, the statute of limitations was five years, and plaintiff thus says that the claim for debts from June 2007 through April 2010 were time barred. Plaintiff also suggests that attorney Vincent D. Vogler had not reviewed the lawsuit and would not have filed the lawsuit with a facially time-barred claim.

On June 18, 2015, Reynolds left a message on plaintiff's voicemail saying "I'm going to evict you. You better give me a call. I'm going to call the attorney – YOU'RE EVICTED. GET THE F[---] OUT!" Plaintiff was at the time living in the subject residence with his wife and children and began to fear for the safety of his family as a result of the hostile phone message.

Plaintiff filed for bankruptcy as a result of Reynolds's collection suit because, although he did not owe the debt, he could not afford thousands of dollars it would cost to hire an attorney to defend the suit. On June 30, 2015, plaintiff filed for Chapter 7 bankruptcy protection. An automatic stay was thus in force pursuant to the United States Bankruptcy Code, which prohibited plaintiff's creditors and collectors from continuing to collect or to attempt to collect any debts. However, the collection lawsuit was set for a hearing on July 7, 2015, and Reynolds and his law firm moved for a default judgment in violation of the automatic stay. On July 9, 2015, and in further violation of the automatic stay, they filed a garnishment against plaintiff.

Plaintiff's bankruptcy attorney contacted the Vogler Firm on July 9 and directed them to cease violating the automatic stay. The Vogler Firm promised to set the default judgment aside and filed a motion to do so on July 9, but they did not call their motion up for a hearing until October 27, 2015. In the meantime, the default judgment remained a matter of public record and decreased plaintiff's credit score. Plaintiff had to hire another law firm to enter an appearance on his behalf to effectuate the setting aside of the default judgment. The collection lawsuit was dismissed on October 27, 2015, as well.

Plaintiff filed this lawsuit on November 4, 2015. As stated above, defendants have conceded the facts alleged in the complaint. Plaintiff has moved for summary judgment.

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 467 (1962). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Assoc. Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Because the defendant did not file a timely answer to the plaintiff's complaint, "defendant admitted those allegations, thus placing no further burden upon [p]laintiff to prove its case factually." *Burlington N. R. Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996); *see also Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010). However, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action," as conclusions of law are not deemed admitted. *Marshall*, 616 F.3d at 852 (quoting 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2688 at 63 (3d ed.1998)).

## III. Discussion

Plaintiff seeks summary judgment on each of the two remaining Counts.

### A. Count I -- Violations of the FDCPA, 15 U.S.C. § 1692, *et seq.*

Plaintiff brings Count I for violations of the FDCPA against the Vogler defendants. To prevail, plaintiff must show that (1) plaintiff is a consumer, (2) the payment obligation defendant seeks to recoup was a "debt" as defined by the statute, (3) the defendant is a "debt collector" as defined by the statute, and (4) the defendant violated any of the protections afforded by the FDCPA. *Dunham v. Portfolio Recovery*

*Assocs*., LLC, 663 F.3d 997, 1001 (8th Cir. 2011). Plaintiff claims that defendants violated the following subsections of the FDCPA:

- Section 1692g(a) --- contents of written notice
- Section 1692g(b) --- requirements regarding verification of the debt
- Section 1692e(3) --- use of deceptive means by collector by failing to meaningfully review the contents of the Dunning Letter
- Section 1692e(5) --- threats to bring time barred legal action
- Section 1692f(1) --- collection of unauthorized amounts
- Section 1692e(2)(A) --- misrepresenting the amount, character and legal status of the debt
- Section 1692d-f --- filing a debt collection lawsuit for the unfair, harassing, and abusive purpose of obtaining either a default or consent judgment on a debt for which defendants had neither intent nor means to prove

Plaintiff maintains that his evidence satisfies the elements of claims for each of the above violations.

### 1. Standing

Defendants --- unable to argue the veracity of plaintiff's allegations due to their failure to answer the complaint --- argue that the Court lacks jurisdiction because plaintiff has not demonstrating standing. Standing to sue is a doctrine that "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016).

> The "irreducible constitutional minimum" of standing consists of three elements. …The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is

likely to be redressed by a favorable judicial decision.

*Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). As the Supreme Court held in *Spokeo*, "an injury in fact must be both concrete and particularized"; such a "concrete injury" is required "even in the context of a statutory violation." *Spokeo*, 136 S. Ct. at 1548-49. Here, defendants maintain that plaintiff cannot show an "injury in fact" because he alleges only "technical violations of the FDCPA." (#76 at 3.) Although plaintiff alleges that his credit was negatively affected by the entry of the judgment and failure of defendants to set it aside, defendants assert that plaintiff's credit was affected by his filing bankruptcy --- not through their actions. Further, they note that plaintiff alleges no adverse decision by any credit grantor arising from the entry of the default judgment --- thus, they say, there was no "real" injury.

Assuming without deciding that defendants have properly raised a standing objection as part of their summary judgment opposition briefs, their arguments fail. The Supreme Court's articulation of "concrete" injuries does not exclude all claims of statutory violations --- in *Spokeo*, the Supreme Court merely remanded the matter to the Ninth Circuit so that the appeals court could address whether the plaintiff alleged a concrete injury. *Spokeo* did not overturn *Havens Realty Corp. v. Coleman*, which held that a "tester" who was given false information in violation of the Fair Housing Act "has suffered injury in precisely the form the statute was intended to guard against, and therefore has standing to maintain a claim for damages under the Act's provisions." 455 U.S. 363, 373-74 (1982). Further, the *Spokeo* Court acknowledged that both tangible and intangible injuries can be concrete. 136 S.Ct. at 1549. In addition, the Court recognized that "the violation of a procedural right granted by statute can be sufficient in some

7

circumstances to constitute injury in fact. In other words, a plaintiff in such a case need not allege any additional harm beyond the one Congress has identified." *Id.* at 1549-50.

Here, plaintiff alleges --- and those allegations have been admitted --- that the collection letter, collection lawsuit, and related tactics suffered from numerous defects that violated the FDCPA. In particular, plaintiff alleges that he did not owe the debt claimed by the collection letter and the lawsuit. Further, plaintiff claims he was entitled to certain disclosures not supplied by defendants. Finally, plaintiff claims the natural consequence of defendants' tactics was harassment.

The Eighth Circuit recently held that a plaintiff making similar claims made under the FDCPA had pleaded a "concrete injury" sufficient to show standing. *Demarais v. Gurstel Chargo, P.A.*, --- F.3d ---, No. 16-3173, 2017 WL 3707437, at *3 (8th Cir. Aug. 29, 2017). The court stated that "[w]ith § 1692f(1), Congress identified a harm --- being subjected to attempts to collect debts not owed." *Id.* That

> alleged intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts. … It is similar to the harm suffered by victims of the common-law torts of malicious prosecution, wrongful use of civil proceedings, and abuse of process.

*Id.* (quoting *Spokeo*, 136 S.Ct. at 1549) (internal quotation and citation omitted). As the Eighth Circuit stated, the "harm of being subjected to baseless legal claims, creating the risk of mental distress, provides the basis for both § 1692f(1) claims and the common-law unjustifiable litigation torts." *Id.* Indeed, "Congress recognized that abusive debt collection practices contribute to harms that can flow from mental distress, like 'marital instability' and 'the loss of jobs.'" *Id.* (quoting § 1692(a)). Thus, "Congress created a statutory right to be free from attempts to collect debts not owed, helping to guard against

8

identified harms." *Id.* Here, as in the *Demarais* case, the plaintiff alleges violations that "tend[] to cause reasonable people mental distress," and "create the risk of real, concrete harms." *Id.*

The Court is satisfied that plaintiff has alleged a concrete, particularized[1] injury sufficient to show standing to bring his claims.

### 2. The Merits of Plaintiff's Claims

Next, the Court turns to the merits of plaintiff's claims. Plaintiff must satisfy the following elements: (1) plaintiff is a consumer, (2) the payment obligation defendant seeks to recoup was a "debt" as defined by the statute, (3) the defendant is a "debt collector" as defined by the statute, and (4) the defendant violated any of the protections afforded by the FDCPA. *Dunham v. Portfolio Recovery Assocs.*, LLC, 663 F.3d 997, 1001 (8th Cir. 2011).

Defendants suggest that plaintiff cannot satisfy that the debt qualifies as a "consumer debt," which is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes…." 15 U.S.C. § 1692a(5). Defendants argue that the debt was in fact a commercial debt because plaintiff traded services for reduced rent. However, the property that was the subject of the transaction was plaintiff's family home. It was residential property. Thus, the "unpaid rent" defendants attempted to collect from plaintiff was for "personal, family, or household purposes." Defendants' attempt to characterize the debt as "commercial" or as a "business arrangement" is unavailing.

---

[1] Defendants do not appear to contest that plaintiff alleges "particularized" injuries.

The threshold inquiries --- (1) whether plaintiff is a consumer, (2) that the Vogler defendants are debt collectors, and (3) that there was an attempt to collect a debt --- are thus satisfied. (The Vogler defendants do not contest elements (2) and (3).) All that remains then is a determination of element (4), whether plaintiff has demonstrated that defendants violated a protection afforded by the FDCPA.

Plaintiff has shown that the defendants violates the FDCPA in several ways. Rather than going through each violation, the Court will highlight the few most egregious:

### a. Section 1692g(b)

If a debt is disputed under § 1692g(a)(3), then § 1692g(b) requires the debt collector to "cease collection of the debt" until verification is obtained. 15 U.S.C. § 1692g(b); *see also Wilhelm v. Credico, Inc.*, 519 F.3d 416, 419 (8th Cir. 2008). Plaintiff claims that the verification defendants provided failed to verify that the debt was accurate. In fact, plaintiff alleges that the documentation showed the debt as totaling $15,910 --- not $21,164.22. Thus, what defendants sent to plaintiff was not a verification at all, but defendants nonetheless continued to collect the debt by filing a lawsuit and obtaining a default judgment.

As this Court acknowledged in its memorandum and order denying defendants' motion to dismiss (#38), although a strict accounting may not be required, continuing to collect on even a portion of a debt that has not been "verified" does constitute a violation of the statute. *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 786 (6th Cir. 2014), *reh'g denied* (Aug. 8, 2014) ("The Firm failed to verify this portion of the debt yet continued its efforts to collect this portion as well as the entirety by

sending a letter demanding payment and placing a lien on Haddad's condominium. In doing so, the firm violated 15 U.S.C. § 1692g(b).") Each of the Vogler defendants is shown to have had involvement in this violation. In addition, plaintiff shows a concrete injury stemming from the improper continuation of collection efforts. For example, as plaintiff asserts, if defendants had properly ceased collection efforts when verification of the debt did not occur, then the collection lawsuit would not have been filed. Because the collection lawsuit was filed, plaintiff experienced stress and had to expend effort attending to the lawsuit. In addition, plaintiff states that he filed for bankruptcy protection as a result of the lawsuit.

Plaintiff has demonstrated that each of the Vogler defendants violated § 1692g(b).

### b. Sections 1692e(2)(A) and 1692g(a)(1)

Section 1692e(2)(A) prohibits a debt collector from falsely representing the character, amount, or legal status of any debt. This applies to a debt collector's misstatement of the amount of the debt within its collection letters as well as state court pleadings. *Mueller v. Barton*, 4:13-CV-2523 CAS, 2014 WL 4546061, at *7 (E.D. Mo. Sept. 12, 2014) ("Courts have concluded that the FDCPA applies to pleadings filed in state court actions.") Similarly, § 1692g(a)(1) requires that a debt collector accurately state the "amount of the debt" within its initial collection letter. Here, plaintiff has shown that defendants attempted to collect a non-existent debt from plaintiff by sending the December 12, 2014 and January 13, 2015 letters and by preparing and filing the petition in the subsequent collection lawsuit. Defendants first represented that plaintiff owed $21,164.22 in the letter and then claimed he owed $24,972.00 in the lawsuit, but plaintiff asserts his balance owed was $0.00. Defendants submit the affidavit of Ron Reynolds in

an effort to dispute plaintiff's assertion. However, again, because plaintiff's allegations are deemed admitted, the Court finds that plaintiff has proven his claim as to violations of § 1692e(2)(A) and 1692g(a)(1).[2]

### c. Sections 1692e(5) and 1692e(2)(A)

Section 1692e(2)(A) prohibits misrepresenting the legal status of a debt, and § 1692e(5) prohibits pursuing action not legally entitled to be taken. Plaintiff states that defendants violated these sections when, for example, they pursued their lawsuit on time-barred claims. 11 U.S.C. § 362(a)(6).

As this Court addressed in its order denying in part defendants' motion to dismiss, the five-year statute of limitations applied to plaintiff's landlord's claim for unpaid rent. (#38 at 9 (citing § 516.120 RSMo).) Thus, plaintiff's landlord could not recover for payments that had been due more than five years before the lawsuit was initiated. (*Id.*) Because § 1692e prohibits debt collectors from filing a time-barred lawsuit to collect a debt, defendants violated § 1692e.

Second, the state court lawsuit against the plaintiff was filed by defendants on April 13, 2015, and plaintiff filed for bankruptcy on June 30, 2015. Plaintiff claims that defendants misrepresented the legal status of the debt in violation of § 1692e when they moved for a default judgment and signed a garnishment request because there was a bankruptcy stay in effect that prohibited such action against the alleged debt. The fact of

---

[2] Defendants also suggest that plaintiff is estopped from disputing the debt because he did not mark the underlying debt as disputed in his bankruptcy schedule. Notwithstanding that estoppel is an affirmative defense that defendants failed to make, *see* Fed. R. Civ. P. 8(c)(1), plaintiff supplied Schedule F to his bankruptcy filing, and it clearly shows plaintiff disputed the debt.

the bankruptcy stay and the defendants' continuation of the collections lawsuit despite that stay are not in dispute. Such actions violated § 1692e(5).

Plaintiff has thus demonstrated that the Vogler defendants violated §§ 1692e(5) and 1692e(2)(A).

Plaintiff has shown that the Vogler defendants violated several sections of the FDCPA. Summary judgment will be granted to plaintiff on Count I.

### B. Count II -- Violations of the MMPA, § 407.010 RSMo

Plaintiff brings Count II against defendant Ronald Reynolds and claims that Reynolds violated the Missouri Merchandising Practices Act, § 407.010 RSMo ("MMPA") by filing a collection lawsuit on a debt plaintiff did not actually owe, by including time-barred claims in the collection lawsuit, and by obtaining a default judgment against plaintiff and failing to set said judgment aside in contravention of plaintiff's bankruptcy stay.

To prevail on his MMPA claim, plaintiff must prove that he (1) purchased merchandise, (2) for personal, family, or household purposes, and (3) suffered an ascertainable loss as a result of an act declared unlawful under the MMPA. *Edmonds v. Hough*, 344 S.W.3d 219, 223 (Mo. App. 2013). "Merchandise" includes "real estate" according to the MMPA. § 407.010(4) RSMo. The rental home was residential property and was thus for personal, family, or household purposes. As for the third factor, the the use of any "unfair practice" is "declared to be an unlawful practice" prohibited by the MMPA. § 407.020 RSMo. The Supreme Court of Missouri recognizes that what constitutes an "unfair practice" is "unrestricted, all-encompassing and exceedingly

broad." *Ports Petroleum Co., Inc. of Ohio v. Nixon*, 37 S.W.3d 237, 240 (Mo. banc 2001).

Plaintiff has shown that he suffered an ascertainable loss as a result of an unfair practice in three ways:

First, defendant Reynolds filed a collection lawsuit on a debt plaintiff did not actually owe. It has been admitted that plaintiff did not owe the $24,972.00 Reynolds sought in the lawsuit. Under Missouri's code of regulations, "it is unfair practice to seek or obtain without valuable consideration a reaffirmation of an obligation arising out of any debt…that has been deemed fully satisfied pursuant to an agreement with the consumer and the creditor." 15 C.S.R. § 60-8.110(1)(D). As a result of the unfair practice of filing the collection lawsuit for a debt plaintiff did not owe, plaintiff filed for bankruptcy and suffered negative effects to his credit.

Second, defendant Reynolds included time-barred claims in the collection lawsuit. Under the MMPA, it is an unfair practice to file a suit on a debt "[f]or which the statute of limitation to file a civil action for the collection of the debt has expired. 15 C.S.R. § 60-8.110(1)(A). Again, plaintiff has shown that he suffered injuries described above.

Third, defendant Reynolds obtained a default judgment against plaintiff and failed to set said judgment aside in contravention of plaintiff's bankruptcy stay. It is undisputed that the collection lawsuit was stayed at the time plaintiff filed his bankruptcy petition. Over a week after plaintiff filed his petition, however, the defendants sought and received a default judgment on the collection lawsuit. Then, defendants requested a wage garnishment. Plaintiff was forced to hire an attorney to set aside the judgment, but it still shows up on plaintiff's credit report and continues to adversely affect his credit rating.

Plaintiff again relies on the Missouri regulations, which state it is an unfair practice to pursue any legal action on a debt "[t]hat has been discharged in bankruptcy" or that "has been declared void…by a court of competent jurisdiction." 15 C.S.R. § 60-8.110(1)(B). Although neither regulation is directly on point, it is surely an unfair practice to pursue a default judgment in the face of a bankruptcy stay; and it is further unfair to refuse, as defendant did, to set aside the unlawful judgment. Defendant Reynolds did not and cannot dispute that his conduct caused plaintiff to incur damages.

Defendant makes several arguments in opposition to plaintiff's summary judgment motion.

First, despite this Court's ruling that the allegations in the complaint have been admitted, defendant disputes many of those allegations in an effort to avoid summary judgment against him. Those efforts are unavailing, as the defendant has admitted the allegations in the complaint that do not pertain to damages.

Second, defendant Reynolds suggests that plaintiff is estopped from recovery because plaintiff previously argued that his MMPA claim did not accrue until after he filed for bankruptcy. Defendant thus states that because he filed the collection lawsuit before plaintiff filed for bankruptcy, then plaintiff cannot recover for his claim regarding the filing of the collection lawsuit. Even assuming defendant has not waived this affirmative defense, defendant's argument is unavailing.

Plaintiff did not list his MMPA claim on Schedule C of his bankruptcy petition because the "cause of action [is not] deemed to accrue when the wrong is done…, but when the damage resulting therefrom is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be

recovered…." § 516.100 RSMo. Plaintiff's costs and fees for the bankruptcy filing --- his damages --- did not accrue until the moment he filed for bankruptcy. That accrual therefore did not precede his filing. In addition, the damage to plaintiff's credit and the cost of hiring an attorney to set aside the unlawfully-obtained default judgment all stem from defendant's act of filing a lawsuit on a non-existent debt. The "last item" of injury was incurred when plaintiff hired an attorney to set aside the unlawful default judgment. Notably, the Bankruptcy Trustee has already concluded that the MMPA claim is based on an "ongoing course of conduct that originated with the efforts of the Vogler firm to collect a debt it believed was owed to [Reynolds] that began prepetit[i]on and which continued after the filing of the bankruptcy." (#68-2.)

Judicial estoppel is an equitable doctrine that "prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *New Hampshire v. Maine,* 532 U.S. 742, 749 (2001), *cited in Jones v. Bob Evans Farms, Inc.*, 811 F.3d 1030, 1032 (8th Cir. 2016). Plaintiff has not taken inconsistent positions, and no estoppel applies.

Third, defendant suggests that plaintiff has not shown that the debt originated from a consumer transaction. Defendant Reynolds's argument is the same argument advanced by the Vogler defendants --- they argue that the plaintiff entered into a commercial transaction because he was performing repairs on Reynolds's other commercial properties. This argument fails for the same reason it failed for the Vogler defendants, *supra*.

In sum, plaintiff is entitled to summary judgment on his MMPA claim against defendant Reynolds.

**IV.    Conclusion**

Summary judgment will be granted to plaintiff and against defendants on all counts.  All that remains for disposition in this matter is determination of plaintiff's damages.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motions for partial summary judgment (#54, #57, #60, #63) are GRANTED.

Dated this   3rd   day of October, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT