IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSE L. MORGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. 4:15-CV-1654 SNLJ |
| THE VOGLER LAW FIRM, P.C., *et al.*, ) | |
| ) | |
| Defendants, ) | |
| ) | |

## MEMORANDUM & ORDER

Plaintiff brings this lawsuit against his former landlord Ronald K. Reynolds and law firm Vogler Law Firm, P.C., and others, that were involved in plaintiff's eviction and who filed a collection lawsuit against plaintiff. No defendant filed a timely answer, and this Court denied the defendants' motions for leave to file answers six months late for the reasons stated in its Memorandum & Order. (#51.) As a result, all the allegations in plaintiff's complaint, other than those related to the amount of damages, were deemed admitted by the defendants. Fed. R. Civ. P. 8(b)(6). The Court granted summary judgment to plaintiff on his Count I for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), against the Vogler Law Firm, Vincent D. Vogler, and Vincent V. Vogler ("Vogler defendants"), and on Count II for Violations of the Missouri Merchandising Practices Act, § 407.010 RSMo ("MMPA") against Ronald Reynolds.

1

Plaintiff thereafter filed motions (#105, #107) to have judgment entered in his favor against the Vogler defendants in an amount of $1,000.98 and against defendant Reynolds in the amount of $2,222.50. Each motion is discussed in turn below.

## I. Motion for Judgment against Vogler Defendants

The Court found that the Vogler defendants violated several provisions of the FDCPA, including § 1692g(b), § 1692e(2)(A), § 1692g(a)(1), and §§ 1692e(5) and 1692e(2)(A). The statute provides for recovery of any actual damages sustained by plaintiff and also for additional damages up to $1,000 per action or proceeding, not per statutory violation. 15 U.S.C. § 1692k(a)(1), (a)(2)(A).

Plaintiff seeks the $1,000 maximum allowed by the statute plus $0.98 in his actual costs. The Vogler defendants oppose both amounts.

As to the $1,000 maximum statutory damages, the Vogler defendants argue that their behaviors were not egregious and that their technical violations of the statute do not rise to a level deserving of the maximum damages. The statute states that the "factors considered by [the] court" include "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). As noted above, this Court held that the Vogler defendants violated at least five sections of the FDCPA --- and the Court's memorandum on that matter noted that, "[r]ather than going through each violation," it would "highlight the few most egregious." (#101 at 10.) The number of FDCPA violations is a relevant consideration under the "frequency and persistence" factor for determining whether the full $1,000 statutory award is reasonable. *See Wright v. Fin. Serv. of Norwalk, Inc.*, 22 F.3d 647, 651 (6th Cir. 1994) ("Where multiple

violations occur, Congress intended the courts to award close to the full $1,000. Conversely, in less egregious situations, the court can award less."). Here, defendants repeatedly violated the FDCPA. Moreover, at least one of the violations --- the improper filing of a collection lawsuit under § 1692e --- was apparently willful or at least reckless in that an internal memorandum among the defendants shows that the Voglers believed that "the statement of account provided [by the client, co-defendant Ronald Reynolds] makes absolutely no sense." Yet the Vogler defendants filed a lawsuit for that admittedly nonsensical amount. The facts and circumstances here support the full amount of the $1,000 damages award against the three Vogler defendants jointly and severally.

The Voglers next argue that plaintiff's request for $0.98 in actual damages is "unsubstantiated." The Voglers have admitted that plaintiff sent two letters in dispute of defendants' collection efforts. Plaintiff avers that he paid for postage for the two letters. (#55-7 at ¶ 7.) This Court takes judicial notice of the cost of a postage stamp, and plaintiff's $0.98 in actual damages is thus adequately substantiated.

The Court will enter judgment against the Vogler defendants in the amount of $1,000.98.

## II. Motion for Judgment against defendant Reynolds

Plaintiff contends he incurred $2,222.50 in damages as a natural and proximate result of defendant Reynolds's unlawful business practices of (1) filing suit on a non-existent and time-barred debt and (2) obtaining --- and then failing to promptly set aside --- a default judgment in contravention of the bankruptcy court's automatic stay.

First, plaintiff submits evidence that plaintiff incurred legal expenses of $1,235 due to defendant's improper filing of the lawsuit. Plaintiff submits that he consulted with

3

attorneys regarding defending himself against the suit defendant Reynolds filed in St. Louis County Circuit Court and determined that it would be less expensive to file for bankruptcy. Thus, plaintiff paid $900 for attorney's fees for filing and representing him in his Chapter 7 bankruptcy proceedings; he also paid $335 in filing fees and associated costs.

Second, plaintiff submits evidence that he spent $987.50 on legal fees related to setting aside the wrongfully-obtained default judgment. Plaintiff says that defendant knowingly allowed the judgment to remain active in order to coerce a voluntary payment from plaintiff. Even after plaintiff's attorney offered defendant a final opportunity to voluntarily set aside the default judgment, defendant refused to do so, causing plaintiff to incur $987.50 in legal costs.

Defendant Reynolds opposes plaintiff's motion and maintains that plaintiff "failed to prove that defendant's alleged unlawful business practice of filing suit on a nonexistent and time-barred debt caused plaintiff to incur damages." (#113 at 2.) However, this Court has already held that plaintiff has proven he was damaged. (#101 at 14-15.) The only matter at issue now is how much plaintiff was damaged. Defendant does not controvert the amount of plaintiff's damages amounts. The motion will be granted. The Court will enter judgment against defendant Reynolds in the amount of $2,222.50.

**III. Attorneys' Fees**

Plaintiff has reserved his right to submit a claim for attorneys' fees and costs pending entry of the judgment he seeks. Plaintiff may submit his motion for attorneys' fees and costs within fourteen days of the date of this Order.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motions for damages against the Vogler Law Firm, Vincent D. Vogler, and Vincent V. Vogler (#105) and Ronald Reynolds (#107) are GRANTED.

IT IS FURTHER ORDERED that plaintiff shall submit his motion for attorneys' fees and costs, with supporting documentation, within fourteen days of the date of this Order.

Dated this  16th   day of April, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT