IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JESSE L. MORGAN, )
)
    Plaintiff, )
)
vs. )
) Case No. 4:15-CV-1654 SNLJ
THE VOGLER LAW FIRM, P.C., *et al.*, )
)
    Defendants, )
)

## MEMORANDUM & ORDER

Plaintiff brought this lawsuit against his former landlord Ronald K. Reynolds and law firm Vogler Law Firm, P.C., and others, that were involved in plaintiff's eviction and who filed a collection lawsuit against plaintiff. The Court granted summary judgment to plaintiff on his Count I for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), against the Vogler Law Firm, Vincent D. Vogler, and Vincent V. Vogler ("Vogler defendants"), and on Count II for Violations of the Missouri Merchandising Practices Act, § 407.010 RSMo ("MMPA") against Ronald Reynolds. The Court then granted plaintiffs' motion for statutory damages totaling $3,223.48.

Now plaintiff seeks attorneys' fees pursuant to the relevant statutes. After an extended briefing schedule, the motions are ripe for disposition.

The FDCPA requires payment of costs and reasonable attorneys' fees to a successful consumer. 15 U.S.C. § 1692k(a)(3). Similarly, the MMPA allows the Court

discretion to order "reasonable attorney's fees." § 407.025.2 RSMo. This Court is responsible for determining what constitutes "reasonable" fees.

Courts typically use the "lodestar" approach to determine attorneys' fees, "multiplying the number of hours reasonably expended on a case by a reasonable hourly rate for the attorneys working those hours." *See Emmenegger v. Bull Moose Tube Co.*, 33 F. Supp. 2d 1127, 1137 (E.D. Mo. 1998); *see also Tussey v. ABB, Inc.*, 850 F.3d 951, 961-62 (8th Cir. 2017).

Plaintiff seeks attorneys' fees and costs as follows:

| **Party** | **Count** | **Attorneys' Fees** | **Costs** |
|---|---|---|---|
| Vogler defendants | I. FDCPA | $62,706 | $451.80 |
| Ronald Reynolds | II. MMPA | $34,297 | $341.80 |
| TOTAL | | $97,003.00 | $793.60 |

Plaintiff bases those amounts on attorney work records from plaintiff's attorneys, Bryan Brody and Alexander Cornwell of Brody & Cornwell, LLC. Brody expended 198.1 hours at an hourly rate of $395, and Cornwell worked 55.3 hours at an hourly rate of $345. Plaintiff states that he voluntarily wrote off entries on his attorneys' invoice going to the Malicious Prosecution claim that was dismissed. Any work that was attributable to either Count I or Count II was counted against the appropriate defendant, but work expended on the case as a whole was divided between the Vogler defendants and defendant Reynolds.

"Congress' purpose in adopting fee-shifting provisions was to strengthen the enforcement of selected federal laws by ensuring that private persons seeking to enforce those laws could retain competent counsel." *City of Burlington v. Dague*, 505 U.S. 557,

2

568 (1992). "[M]any of the statutes to which Congress attached fee-shifting provisions typically will generate either no damages or only small recoveries; accordingly, plaintiffs bringing cases under these statutes cannot offer attorneys a share of a recovery sufficient to justify a standard contingent-fee arrangement." *Id.*

This Court has discretion in making the equitable determination of a proper attorneys' fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The Court must consider the degree of success the lawyers obtained for their client as well as the reasonableness of the number of hours themselves. *Id.* at 434.

Defendants filed a combined memorandum in opposition to plaintiff's motion. Defendants argue that the award plaintiff seeks should be reduced substantially for several reasons.

**1. Hourly Rates**

Plaintiff contends that his counsels' hourly rates of $395 and $345 are in line with "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Defendants counter that rates of $260 and $195 fairly reflects hourly rates for attorneys of similar experience in this market and would be consistent with prior decisions in this District. Plaintiff, however, provides support for the reasonableness of his attorneys' rates, including the U.S. Consumer Law Survey, the National Law Journal's Fee Survey, the Missouri Lawyers Weekly's Billing Rates, and declarations from plaintiff's counsel. This Court has recently approved a $450 hourly rate for a partner with 29 years of experience and a $300 rate for his associates in a products liability case. *Executive Affiliates, Inc. v. AAF-McQuay, Inc.*, 4:12-CV-175 CEJ, 2013 WL 6571595, at *3 (E.D. Mo. Dec. 13, 2013). In 2012 and 2013, "the average billing rate

for partners in St. Louis exceeded $400.00 per hour." *Id.* A more recent Western District of Missouri case found that a $450 hourly rate was appropriate in a FCRA case in which the Missouri attorney had five years of practice. *Stallsworth v. Mars Petcare US Inc.*, 2:17-CV-04180-NKL, 2018 WL 2125950, at *4 (W.D. Mo. May 8, 2018). The Court nonetheless notes that counsel has fewer than five years' experience in prosecuting actions like these, and counsel produced no affidavits with information regarding hourly rates commanded by St. Louis-area attorneys prosecuting FDCPA actions. Based on the Court's experience and knowledge of the local market, the Court concludes that a $300 hourly rate will be applied to both attorneys. That rate is reasonable and still well over than the rates suggested by defendants.

### 2. Attorney hours

Defendants have several objections to the hours submitted by plaintiff's counsel. First, defendants object to counsel recovering attorneys' fees for administrative work. Defendants cite to 17.3 hours billed for what it deemed to be administrative work --- including preparing summonses, "updating file," filing documents with the court, creating a timeline of missed deadlines, calendaring orders, and "Plaintiff's motion to stay the case (pending bankruptcy trustee issue)." Plaintiff concedes that 1.1 hours of defendants' contested administrative could arguably be administrative: 0.8 hour of preparing summons and motion for special process service server and 0.3 hour emailing the process server. However, plaintiff argues that the time counsel expended on preparing the motion for fees --- which he is not seeking in his motion --- easily exceeds the full 17.3 hours of contested time entries. The Court disagrees that all but 16.2 hours

4

of the time entries objected to by defendants are non-administrative. The Court will subtract the 17.3 hours from plaintiff's award.

Second, defendants argue that plaintiff's attorneys' hours reflect inefficiencies that should not be compensated. For example, defendants contend that the hours spent on opposing defendants' motion to dismiss (35.1 hours), preparing the motion for summary judgment (45.3 hours), preparing the motion for summary judgment reply (51.1 hours), preparing motion for damages (29.7 hours), handling supposedly unrelated bankruptcy matters (15.2 hours), among others, were excessive. Plaintiff's counsel maintain that the time they spent was appropriate and that defendants have been too general in their objections. Plaintiff contends that his counsel reasonably spent 253.4 hours litigating this matter.

Because all the allegations in plaintiff's complaint were admitted by defendants' failure to answer the complaint, plaintiff's case was simpler than it might have been. However, defendants still vigorously opposed the plaintiff's four separate motions for summary judgment, which required more work on plaintiff's part. Even so, the Court will reduce the hours spent on the summary judgment briefing from 96 hours to 66 hours. Defendants also caused the bankruptcy matter to reopen briefly, further increasing plaintiff's fees. The Court finds that, all in all, the case --- which now has 142 docket entries --- was unnecessarily protracted by the defendants.

**3. Disproportionate to relief obtained**

As discussed above, one reason for fee-shifting statutes is that, without such a statute, the small damages awards from matters like these would make the economics of

5

hiring an attorney difficult. *See Dague*, 505 U.S. at 568. The "disproportionate" nature of the attorneys' fees to plaintiff's recovery here is not a substantial concern.

### 4. Failure to make pre-suit demand

Defendants finally contend that plaintiff's counsel increased the cost of litigation by failing to make a pre-suit settlement demand. Plaintiff points out that defendants ignored all of his efforts to settle this case, and all but one occurred before the plaintiff began the summary judgment and damages phases of the case. The Court will give little weight to this argument by defendants.

\*\*\*

Subtracting 17.1 hours and 30 hours from the total hours requested by plaintiff equals 206.3 hours. Multiplying 206.3 hours by $300 per hour equals $61,890. The Court will apportion the fees according to the ratio that applied to the original, $97,003 total that plaintiff requested. Defendants shall pay to plaintiff's counsel the amounts shown below.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for attorneys' fees (#126, #129) are GRANTED in part.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike (#139) is denied as moot.

**IT IS FINALLY ORDERED** that, by December 18, 2018, defendants Vogler Law Firm, Vincent D. Vogler, and Vincent V. Vogler shall pay $39,610 in attorneys' fees and $451.80 in costs to plaintiff's counsel, and defendant Ronald Reynolds shall pay $22,280 in attorneys' fees and $341.80 in costs to plaintiff's counsel.

Dated this  3rd  day of December, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT